## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOHN TURNER | : | CIVIL ACTION |
| AND | | |
| NANNETTE TURNER | : | |
| vs. | : | |
| | : | |
| B.V. SHIPPING COMPANY | : | |
| LUZON STRAIT (GRONINGEN) | : | NO. 04-0936-JJF |

### PROPOSED JURY INSTRUCTIONS

**I.**     **Plaintiffs' Proposed Jury Instructions**

The Learned Trial Judge is requested to charge the jury as follows:

### 1. NATURE OF THE ACTION

Plaintiff John Turner, a longshoreworker, seeks damages under the Longshore and

Harbor Workers' Compensation Act for personal injuries suffered while working aboard

the  M/V "Luzon Strait", a vessel owned by defendant B.V. Shipping Company Luzon

Strait (Groningen).  Plaintiff John Turner claims that his injuries were caused by the

negligence of defendant.

The plaintiff Nannette Turner, Mr. Turner's wife, seeks damages from defendant

as a result of the loss of society from Mr. Turner, which she claims resulted from Mr.

Turner's injuries. I shall explain the concept of "loss of society" later in these

instructions.

The defendant denies that the plaintiff John Turner was injured as a result of

defendant's negligence and further asserts [include any affirmative defenses].

**Federal Jury Practice and Instructions, 5th Ed. Section 156.210**

1

## 2. CONTROLLING STATUTE

The Federal Longshore and Harbor Workers' Compensation Act provides that in the event an employee covered by the Act is injured by the negligence of a vessel, that employee is entitled to recover damages for those injuries and may bring an action against the vessel.

**Federal Jury Practice and Instructions, 5th Ed. Section 156.220**

## 3. ESSENTIAL ELEMENTS OF PLAINTIFFS' CLAIM

In order to prove the essential elements of plaintiffs' claim, the burden is upon the plaintiff John Turner is establish by a preponderance of the evidence of the case the following facts:

First: That plaintiff John Turner is a worker covered by the Longshore and Harbor Workers' Compensation Act. In this case it is stipulated and agreed that Mr. Turner is a longshoremen covered by that statute;

Second: That plaintiff John Turner was injured while working on a vessel in navigable waters of the United States. In this case it is stipulated and agreed that defendant's vessel, the M/V Luzon Strait, was in navigable waters of the United States at the time it is alleged that Mr. Turner was injured;

Third: That defendant was negligent in one or more of the particulars alleged; and

Fourth: That defendant's negligence was a legal cause of some injury and consequent damage sustained by the plaintiff John Turner. I shall explain the meaning of the term "legal cause" later to your in these instructions.

**Federal Jury Practice and Instructions, 5th Ed. Section 156.230**

## 4. NEGLIGENCE CHARGE UNDER SECTION 5(b) OF THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT, 33 U.S.C. § 905 (b)

It has been stipulated and agreed that the plaintiff John Turner was covered by the LHWCA and that the M/V " Luzon Strait" was in navigable waters of the United States at the time of his injury. Accordingly, you must determine whether Mr. Turner's injury was caused by the negligence of the defendant, the owner of the vessel, M/V Luzon Strait. The defendant does not owe plaintiff the duty to provide a seaworthy vessel; the defendant is liable only if it was guilty of negligence which was the legal cause of the plaintiff's injury.

Negligence is the failure to exercise reasonable care under the circumstances. A vessel owner such as the defendant must exercise reasonable care before the plaintiff's employer, a stevedore, begins its operations on the vessel. This means that the defendant must use reasonable care to have the vessel and its equipment in such condition that an expert and experienced stevedore would be able, by the exercise of reasonable care, to carry out its work on the vessel with reasonable safety to persons and property. This means that the defendant must either eliminate or warn the plaintiff's employer of a hazard on the ship or a hazard with respect to the ship's equipment, if:

The defendant knew about the hazard, or should have discovered it in the exercise of reasonable care, and

The hazard was one which was likely to be encountered by the plaintiff's employer in the course of its stevedoring operations aboard the defendant's vessel, and

The hazard was one which the plaintiff's employer did not know about, and which would not be obvious to or anticipated by a reasonably competent stevedore in the

performance of its work. However, even if the hazard was one about which the plaintiff's knew, or which would be obvious or anticipated by a reasonably competent stevedore, the defendant must still exercise reasonable care to avoid the harm to plaintiff if the hazard was one which defendant knew or should have known the plaintiff's employer would not or could not correct and the plaintiff could not or would not avoid.

This duty which the defendant ship owner owed to the plaintiff longshoreman is known as the "turnover duty/duty to warn"

The standard of care which a vessel operator owes to the plaintiff longshoremen after the plaintiff's employer begins its operations on the vessel is different. If, after the plaintiff's employer began operations on the vessel, the defendant actively involved itself in those operations, it is liable if it failed to exercise reasonable care in doing so and such failure was a legal cause of plaintiff's injuries. Thus, if, after the plaintiff's employer began operations on the vessel, the defendant retained control over equipment which the plaintiff John Turner could reasonably have been expected to encounter, or over an area of the vessel where Mr. Turner could reasonably have been expected to go in performance of his duties, the defendant must use reasonable care to avoid exposing the plaintiff to harm from the hazards the plaintiff reasonably could have been expected to encounter from such equipment or in such area.

This duty which the defendant ship owner owes to the plaintiff longshoremen is known as the "active operations" duty.

**Scindia Steam Navigation Co. v. De Los Santos,** 451 U.S. 156, 101 S. Ct. 1614 (1981; **Howlett v. Birkdale Shipping Co.,** S.A. 512 U.S. 92, 114 S. Ct. 2057 (1994); **Kirsch v. Plovidba,** 971 F. 2d 1026 (3rd Cir. 1992); **Davis v. Portline Transportes Maritime Internacional,** 16 F. 3d 532 (3rd Cir. 1994); **Serbin v Bora Corp., LTD.,** 96 F. 3d 66 (3rd Cir. 1996); **Prinski v. Blue Star Line Marine, Ltd.,** 341 F. Supp 2d 511

(E.D Pa 2004); Pattern Jury Instructions of the District Judges Association of the 5th Circuit, Civil Cases, Instruction No. 4.13 (1999).

## 5. PARTICULARS OF PLAINTIFFS' NEGLIGENCE CLAIM

Plaintiff John Turner contends that defendant's conduct was negligent in that defendant failed to exercise ordinary care under the circumstances.  Specifically plaintiff John Turner claims that defendant was negligent in the following particulars:

a. Defendant breached its "turnover duty/duty to warn" to the plaintiff John Turner as a result of the existence of a hazardous condition at the forward access hatchway of hatch level 2C of the M/V "Luzon Strait" which existed upon the commencement of cargo operations, to wit, an inadequate and insufficient securing device to hold the forward access hatch lid in a locked and open position, and the absence of a handhold, separate from the hatch lid itself, for use in assisting persons in stepping off the ladder coming up from the 2D hatch level to the deck at the 2C level.

b. The defendant retained control over the ship's equipment in question, namely the forward access hatch lid at the 2C level and its securing device, in an area of the vessel where the plaintiff John Turner could reasonably have been expected to go in the performance of his duties and failed to use reasonable care to avoid exposing Mr. Turner to harm from the aforedescribed hazards which Mr. Turner reasonably could have been expected to encounter from such equipment in such area.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.231**

7

## 6. CAUSATION

An injury or damage is legally caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a part in bringing about or causing the injury or damage, or that the injury or damage is either a direct result or reasonably probably consequence of the act or omission.

There may be more than one factor involved in causing an injury. As indicated, the defendant in this case contends that if there was negligence, it was on the part of the plaintiff himself or of plaintiff's employer and his fellow employees. However, even if the employer or plaintiff's fellow employee in this case were negligent and such negligence was also a factor in bringing about the plaintiff's injuries you may still render a verdict in favor of the plaintiff and against the defendant ship owner if you find that defendant's negligence was also a legal cause of plaintiff's injuries. In other words, any negligence regardless of degree, on the part of the plaintiff, the plaintiff's employer, or his fellow employees, does not relieve the defendant ship owner from liability if the defendant's negligent conduct was also a legal cause of the accident.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.250**

**Edmonds v. Compagnie Generale Trans Atlantique, 443 U.S. 256, 99 S. Ct. 2753 (1979)**

## 7. INFERENCE FROM FACT OF ACCIDENT ALONE

The mere fact that an accident happened standing alone, does not permit the jury to draw the inference that the accident was caused by negligence.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.251**

## 8. DEFENDANT'S CONTENTION AS TO NEGLIGENCE CLAIM

By way of defense of the plaintiff's claim, defendant denies that there was any negligence on its part that legally caused any injury or damage to plaintiff John Turner. Defendant also alleges that, if the accident was caused by negligence on the part of anyone, it was the negligence of the plaintiff John Turner or the negligence of Mr. Turner's employer, Delaware River Stevedores, that was the sole or only legal cause of the accident and of any consequent injury or damage to plaintiff John Turner.

Unless you find that defendant's negligence was a legal cause of the accident, your verdict must be for the defendant.  If the negligence of the plaintiff John Turner or of the stevedoring company or of its employees, including plaintiff John Turner was the sole or only legal cause of the accident, then the plaintiff is not entitled to recover from defendant and your verdict must be for defendant.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.260**

10

### 9. COMPARATIVE NEGLIGENCE

Defendant further alleges that even if it is found, from a preponderance of the evidence in the case, that there was some negligence on the part of defendant that was a legal cause of any injuries and consequent damages plaintiff John Turner may have sustained, plaintiff John Turner was, nevertheless, guilty of contributory negligence, reducing the amount plaintiff John Turner would otherwise be entitled to recover.

Contributory negligence is the fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury. By the defense of contributory negligence, defendant in effect alleges that even though defendant may have been guilty of some negligent act or omission that was one of the legal causes, plaintiff John Turner, by plaintiff's own failure to use ordinary care under the circumstances for his own safety at the time and place in question also contributed one of the legal causes of any injuries and consequent damages Mr. Turner may have suffered.

The burden is on defendant, who alleges the defense of contributory negligence, to establish, by a preponderance of the evidence the claim that plaintiff John Turner was also at fault, and contributed one of the legal causes of any injuries and consequent damages he may have sustained.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.261**

## 10. NEGLIGENCE OF EMPLOYER OR FELLOW EMPLOYEES NOT IMPUTED TO PLAINTIFF

In considering the claim of defendant that plaintiff John Turner was guilty of contributory negligence, you will bear in mind that plaintiff John Turner is not chargeable with any negligent conduct of his stevedore employer or any of his fellow employees.

Plaintiff John Turner is only chargeable with his own conduct. So in connection with the defendant's claim of contributory negligence, you will consider only what plaintiff John Turner did or failed to do at the time and place in questions as shown by a preponderance of the evidence in the case.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.262**

## 11. DAMAGES

If you find that the defendant is liable, you must award an amount you find by a preponderance of the evidence is full and just compensation for all of the plaintiffs' damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence:

a. Physical pain and suffering including physical disability, impairment and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life;

b. Mental anguish and feelings of economic insecurity caused by disability;

c. Lost earnings to date;

d. Impairment of earning capacity or ability in the future, including impairment in the normal progress of the plaintiff's earning capacity due to his physical condition;

e. The reasonable expenses of necessary medical care, treatment and services rendered to the plaintiff John Turner to date;

f. The reasonable value, not exceeding the actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a result of the injury in question.

Some of these damages, such as mental or physical pain and suffering are intangible things about which no evidence of value is required.  In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

Any award you make to the plaintiff is not subject to income tax. Neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.270**

## 12. LOSS OF SOCIETY

In addition to the damages that the plaintiff John Turner demands, plaintiff Nannette Turner seeks damages for loss of society with her husband John Turner, which she claims she has suffered as a result of this accident.

The spouse of an injured person may recover damages for loss of society if she proves by a preponderance of the evidence that she has suffered loss of society with her husband and that the loss of society was caused by injuries to her husband that are attributable to the fault of the defendant.

Loss of society covers only the loss of love, affection, care, attention, comfort, protection and sexual relations the spouse has experienced. It does not include loss of support or loss of income that the spouse sustains. And it does not include grief or mental anguish.

Therefore, if you find by preponderance of the evidence that plaintiff Nannette Turner suffered loss of society with her husband John Turner as a result of injuries caused by the fault of the defendant, you may award her damages for loss of society. If, on the other hand you find from a preponderance of the evidence that plaintiff Nannette Turner did not sustain loss of society with her husband John Turner as a result of injuries attributable to the fault of the defendant, then you may not award her damages for loss of society.

You may not award damages for any injury or condition from which the plaintiffs may have suffered or may now be suffering, unless it has been proved by a preponderance of the evidence that the accident legally or directly caused such injury or condition.

## 13. REDUCTION OF DAMAGES FOR CONTRIBUTORY NEGLIGENCE

If you find for plaintiff John Turner, but also find that Mr. Turner's own negligence was a cause of his injuries, you must specify the percentage of negligence you attribute to plaintiff John Turner. Do not make any reduction in the amount of damages that you award to the plaintiff in such instance. The Court will reduce the damages that you award by the percentage of contributory negligence, if any, that you assign to Mr. Turner.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.275**

## 14. ISSUES TO BE DETERMINED BY JURY

The issues to be determined by you in this case, as between plaintiffs John and Nannette Turner and defendant B.V. Shipping Company Luzon Strait (Groningen), on the negligence claim, are these:

First: Was defendant negligent in one or more of the particulars alleged?

If your answer to that question is "no", you will return a verdict for defendant.  If your answer is "yes", you then have a second issue to determine, namely:

Second: Was the negligence of defendant a legal cause of any injury and damage to plaintiff John Turner?

If your answer to that question is "no" you will return a verdict for defendant.  If your answer is "yes", then you must find the answer to a third question, namely:

Third: Was plaintiff John Turner guilty of some contributory negligence?

If you should find, from a preponderance of the evidence in the case, that plaintiff John Turner was not contributorily negligent, then, having found in plaintiff's favor in answer to the first two questions on the claim of negligence, you will proceed to determine the amount of plaintiffs' damages.

On the other hand if you should find from a preponderance of evidence in the case, that plaintiff John Turner was guilty of some contributory negligence, and that Mr. Turner's negligence was a proximate cause of any injuries and damages that he may have sustained, then you must compare the negligence of the parties and on the form the verdicts submitted, specify the percentage Mr. Turner's own negligence contributed to the accident and ensuing injury.  You will, as instructed, determine the total amount of plaintiffs' damages.

On the special verdict form that has been prepared for your convenience, there are blank spaces for you to write in your findings. Whatever amount, if any, you find plaintiff John Turner was at fault, the Court will, after you render your verdict, reduce the total award of damages that you find proper by the percentage of Mr. Turner's negligence, if any, that you may decide to insert.

**Federal Jury Practice and Instructions, 5th Ed., Section 156.280**

## 15. REQUEST FOR DIRECTED VERDICT

Under all the evidence your verdict must be in favor of the plaintiffs. Under the weight of the evidence, your verdict must be in favor of the plaintiffs. Under the law, your verdict must be in favor of the plaintiffs.

## II.    Defendant's Proposed Jury Instructions

Defendant B.V. Shipping Company Luzon Strait (Groningen), by and through counsel, respectfully requests the Court to charge the jury as follows.

### DIRECTED VERDICT

1.    Under all the evidence, your verdict must be in favor of the defendant.

2.    Under the weight of the evidence, your verdict must be in favor of the defendant.

3.    Under the law, your verdict must be in favor of the defendant.

### BURDEN OF PROOF

4.    The mere fact that the plaintiffs filed this lawsuit is not enough to entitle them to prevail against the defendant. *Giacena v. Marubeni Oceano Corp.*, 623 F. Supp. 1560 (D. Tex. 1985); *Mayer v. Lykes Bros. SS*, 585 F.Supp. 1222 (E.D. La. 1984); *Wykoff v. Frotz Amazonica*, No. 84-3299 (E.D. Pa. June 19, 1985).

5.    Likewise, the mere fact that John Turner may have suffered injuries while working aboard the defendant's vessel, the M/V LUZON STRAIT does not entitle him to recover from the defendant.

6.    The mere fact that John Turner may have sustained injuries does not mean that he is entitled to recover against the defendant.

7.    To prevail in this lawsuit, the plaintiffs must satisfy you by what the law calls a preponderance of the credible evidence that John Turner was in fact injured aboard the defendant's vessel, that the defendant was in fact negligent, and that defendant's alleged negligence was the legal cause of the alleged injuries and damages.

8.      This means that the plaintiffs must convince you that all of the facts that they have alleged and which are necessary to support recovery under the law, as I will present to you later in other instructions, are more probably true than false. *Horter v. American Export Lines, Inc.*, 387 F. 2d 409 (3rd Cir. 1968).

9.      In examining this evidence to determine whether plaintiffs have successfully carried that burden, you should not permit sympathy or prejudice for or against either side to influence your judgment.

10.     Negligence is an affirmative fact which is not presumed; it must be proven by the plaintiffs.

11.     There is no obligation on the defendant to prove that it is not liable. Rather, it is the plaintiffs who must convince you that all the facts they have asserted and which are necessary to support a recovery under the law, as I present it to you, are more probably true than not.

12.      In examining the evidence to decide whether the plaintiffs have successfully carried their burden, you should not permit sympathy or prejudice for or against either side to influence your judgment. Instead there must surely be a conviction in your mind that plaintiffs are entitled to prevail before you may render a verdict in their favor.

13.     By a fair preponderance of the credible evidence, it is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff concerning the accident, then the plaintiffs have failed to satisfy you by a fair preponderance of the evidence that their contentions are correct, and you should therefore find in favor of the defendant. *See: Lawrence v. Gulf Oil Corp.*, 375 F2d 427 (3rd Cir.

1967); *Burch v. Reading* Co., 240 F.2d 574 (3rd Cir.) Cert denied 353 U.S. 965, 77 S.Ct.

1049 (1957); *Porter v. American Export Lines, Inc. v. Atlantic & Gulf Stevedores, Inc.*

261 F. Supp. 625 (E.D. Pa. 1956) (Opinion by Davis, J.) *aff'd* 387 F.2d 409 (3rd Cir.

1968).

14.    In cases of this kind, if, during your consideration of all the evidence you

find that there is an equal balance of the evidence, then you must conclude that the

plaintiffs have not established a right to recovery and you must render a verdict for the

defendant. That is, if you find it possible to infer that John Turner was injured as a result

of negligence by the defendant and equally possible to infer that defendant was not

negligent or that its negligence was not the legal cause of the accident, your verdict

should be for the defendant.

15.    But if you find in your consideration of all the evidence that the weight

leans toward the defendant, then you should render a verdict for the defendant.

16.    In deciding this case, you should not be concerned with whether or not

the things I have told you seem fair or unfair to you. The instructions I have given you

are based on the law and it is not for you to decide whether those laws are fair to the

plaintiffs or fair to the defendant. Rather, you should apply the law, as I have explained it,

to the facts of this case.

17.    This is not a case under the State Workmen's Compensation Act, and

therefore the usual workmen's compensation rules do not apply. In this case you may not

return a verdict for the plaintiffs merely because you find that John Turner was injured in

the course of his employment. Instead, you must apply the legal principles of negligence,

causation, and damages as I give them to you. *Smith v. Reinauer Oil Transport, Inc.* 256 F.2d 646, 648 (1st Cir. 1958)

## CREDIBILITY

18.     In deciding whether to believe or credit the testimony that has been presented in this case, you are entitled to rely on your own common sense and your own experience in testing the accuracy of facts.

19.     You may consider many factors, one of which is the interest or lack of interest a particular witness has in the outcome of this case.  For example, in considering the testimony of the plaintiffs, you may consider the fact that they have an interest in this suit and stand to gain monetarily from a verdict in their favor.

20.     If you find that the John Turner or any other witness has testified falsely on any point that is material to this case, you are entitled to reject all of that witness's testimony, or accept part or reject part even though the testimony is not contradicted by other evidence.

21.     If you do reject the only testimony that, if believed, would establish the defendant's liability, then you must find in favor of the defendant.

22.     With regard to expert testimony, you are not bound to accept it any more than you are bound to accept the testimony of any fact witness. You may accept it or give it such weight you think it deserves. If you do not accept the reasons given in support of it, you are free to reject the opinion and other testimony if you desire.

## LIABILITY

## 1. NEGLIGENCE CHARGE UNDER SECTION 5(b) OF THE LONGSHORE AND HARBOR WORKERS' COMPENSATION ACT, 33 U.S.C. § 905(b)

### A.  PRELIMINARY

23.    In order for the plaintiffs to prevail, they must affirmatively prove, to your satisfaction, that the defendant was negligent. Negligence in a case can never be presumed.

24.    The mere happening of an accident aboard a vessel is not evidence of negligence on the part of the defendant. Plaintiffs must prove by a fair preponderance of the credible evidence that the defendant breached some duty owed to plaintiff John Turner and that this breach was a proximate cause of the accident. See e.g.:*Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994); *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila*, 873 F.2d 1204, 1208 (9th Cir. 1989).

25.    The mere fact there may have been a hazard on board the vessel is not sufficient to establish that defendant was negligent. *See e.g.:Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994); *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila*, 873 F.2d 1204, 1208 (9th Cir. 1989).

26.    The specific duties of a vessel owner include the following: (1) the "turnover duty" which includes a corollary "duty to warn"; (2) the "active operations duty"; and (3) the "intervention duty". *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994); *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992); *Derr v. Kawasaki Kisen K.K.*, 835 F.2d 490, 493 (3d Cir. 1987). In this case only the turnover and active operations duties have been alleged by the plaintiffs. I will explain these two duties in detail later in my instructions.

24

## B.    DUTIES OF A VESSEL OWNER

### 1.    General Duties

27.    This case arises under the Longshore and Harbor Workers' Compensation Act ("LHWCA") because plaintiff John Turner claims that he was injured while working as a longshoreman aboard the vessel that was owned by defendant B.V. Shipping. Plaintiff John Turner was employed as a longshoreman by stevedoring company Delaware River Stevedores, Inc. who were engaged by the vessel to discharge cargo while the vessel was docked at the Wilmington Marine Terminal in the Port of Wilmington. I am going to instruct you on the duties of the defendant ship owner with respect to the vessel and the safety of longshoremen such as plaintiff John Turner, who was working aboard the vessel LUZON STRAIT.

28.    Plaintiff John Turner's employer, Delaware River Stevedores, Inc. was an independent contractor hired to perform stevedoring services aboard the M/V LUZON STRAIT. *Derr v. Kawasaki Kisen K.K.*, 835 F.2d 490, 493 (3d Cir. 1987).

29.    Under the law, Plaintiff John Turner's employer, Delaware River Stevedores, and its employees, including John Turner, are presumed to be experts experienced in the work of discharging and loading cargo and otherwise conducting work aboard a vessel. The stevedore, Delaware River Stevedores in this instance, warrants to the shipowner that its employees, the longshoremen, will perform their work competently. *Scindia*, 451 U.S. at 170; *Derr v. Kawasaki Kisen K.K.*, 835 F.2d 490, 493 (3d Cir. 1987). Under the law, the defendant vessel owner was entitled to assume that expert stevedore Delaware River Stevedore and its employees , including John Turner, who discharged the vessel would not be negligent.

25

30.    The defendant shipowner cannot be held liable for the negligence or negligent acts of an independent stevedoring company or its employees. *See*: *Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994).

## 2.    Turnover Duty

31.    The "turnover duty" and the corollary "duty to warn" govern a shipowner's conduct before the cargo operations in question have begun on a ship. See: *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994); *Kirsch v. Plovidba,* 971 F.2d 1026, 1029 (3d Cir. 1992).

32.    More specifically, the turnover duty requires the shipowner, before cargo operations begin, to have the vessel and its equipment in such condition that an expert and experienced stevedore would be able, by the exercise of reasonable care, to carry out its work on the vessel with reasonable safety to persons and property.  Under the turnover duty the shipowner has a duty to warn the stevedore of a hazard on the ship or a hazard with respect to the ship's equipment only  if:

(a)    The shipowner actually knew about the hazard, or should have discovered it in the exercise of reasonable care, **and**

(b)    The hazard was one which was likely to be encountered by the stevedore in the course of its operations aboard the shipowner's vessel, **and**

(c)    The hazard was one which the expert stevedore did not know about, and which would not be obvious to or anticipated by a reasonably competent stevedore in the performance of its work.

*Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994); *Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156, 167 (1981) *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992).

33.    Under the law, certain dangers that may be hazardous to unskilled persons need not be remedied if an expert stevedore could work safely around them or take precautions with respect to them. *LaMartina v. Pan Ocean Shipping Co.* 815 F. Supp. 878, 880 (D. Md. 1992) , *citing Kirsch v. Plovidba, 1992 A.M.C. (E.D. Pa. 1991) affirmed* 971 F.2d 1026, 1029-1039 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila*, 873 F.2d 1204, 1208 (9th Cir. 1989)..Therefore, a shipowner can, ordinarily, reasonably rely on the expert stevedore, and its employees, to anticipate and notice obvious hazards and to take steps consistent with its expertise to avoid those hazards. *Kirsch,* at 971 F.2d 1029-1030; *Bjaranson,* at  873 F.2d 1208.

34.    Under the Longshore and Harbor Workers' Compensation Act, the shipowner is ordinarily entitled to rely on the stevedore, in this case, Delaware River Stevedores, to protect its longshoremen from unreasonable hazards aboard the vessel. *Scindia*, 451 U.S. at 170.

35.    The shipowner is not responsible for injuries to longshoremen that could have been anticipated by a competent and experienced stevedore. *Davis v. Pan Ocean Shipping Co.* 1999 WL 144095 (E.D. Pa. 1999), citing *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994) and *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992).

36.    The corollary "duty to warn" requires a vessel owner to warn the stevedore about "hidden dangers" on the vessel of which the shipowner has actual knowledge before the vessel is turned over to the stevedore. See: *Derr*, 825 F.2d at 493.

37.    If you find that the condition that plaintiff claims was the cause of his alleged accident was the type of condition that the stevedore should have anticipated or was open and obvious, then there was no duty to warn and you must find that the defendant did not breach the turnover duty. See: *Derr*, 825 F.2d at 493.

38.    To find that the shipowner breached the turnover duty, the plaintiffs must prove that there was a hazardous condition that was known to the vessel, the vessel knew that the condition would be encountered by the stevedore during normal cargo operations and the condition was neither known by the stevedore nor would be anticipated by or obvious to a skilled stevedore in the competent performance of its work.

39.    The stevedore has a statutory duty to ensure its employees have a safe place to work and to ensure that its employees obey the mandatory OSHA Safety and Health Regulations for Longshoring. These regulations apply to all of the stevedoring work done by Delaware River Stevedores.  33 U.S.C. § 941; *Scindia*, 451 U.S. at 176; OSHA Safety and Health Regulations for Longshoring 29 C.F.R. § 1918.1 *et. seq;* .*Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila*, 873 F.2d 1204, 1208 (9th Cir. 1989); *Landsem v. Isuzu Motors, Ltd.*, 534 F. Supp. 448 (D. Or. 1982) aff'd 711 F.2d 1064 (9th Cir. 1983)

40.    In this case, the plaintiff's employer, Delaware River Stevedores, was required by the OSHA regulations (1) to ensure that there was in the cargo hold at least one safe and accessible fixed ladder with an effective means to gain a handhold at the top

of the ladder and (2) to prohibit the use of any fixed ladder or handhold that was visibly

unsafe. 29 C.F.R. § 1918.24(a)-(c). See: *Scindia*, 451 U.S. at 176; *Kirsch v. Plovidba*,

971 F.2d 1026, 1029-30 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila*,

873 F.2d 1204, 1208 (9th Cir. 1989); *Landsem v. Isuzu Motors, Ltd.*, 534 F. Supp. 448

(D. Or. 1982) aff'd 711 F.2d 1064 (9th Cir. 1983)

   41. The obligation to comply with these regulations was on Mr. Turner's

employer, Delaware River Stevedores, Inc. and not on the defendant. 33 U.S.C. § 941;

OSHA Safety and Health Regulations for Longshoring 29 C.F.R. § 1918.1 *et. seq;*

*Scindia*, 451 U.S. at 176; *.Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992);

*Bjaranson v. Botelho Shipping Corp. Manila*, 873 F.2d 1204, 1208 (9th Cir. 1989);

*Landsem v. Isuzu Motors, Ltd.*, 534 F. Supp. 448 (D. Or. 1982) aff'd 711 F.2d 1064 (9th

Cir. 1983). Hence, under the law, the vessel owner could reasonably rely on the

stevedore, Delaware River Stevedores, to inspect all fixed ladders and handholds before

use by Mr. Turner and his fellow longshoremen.

   42. A shipowner is entitled under the law to rely on the expert stevedore,

Delaware River Stevedores, Inc. in this instance, to prohibit the use of any fixed ladder or

handhold that the stevedore knew or should have known was unsafe. See LHWCA, 33

U.S.C. § 941; *Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156, 176 (1981);

OSHA Safety and Health Regulations for Longshoring, 29 C.F.R § 1918.24 (a), (b), and

(c).

   43. A shipowner does not have a duty to furnish the stevedore a hazard-free or

a perfectly safe vessel. *Scindia*, 451 U.S. at 167. Certain conditions that may be

dangerous to unskilled persons need not be remedied by the shipowner if an expert

stevedore and its employees could safely work around them or take precautions with respect to them. *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992); *Bjaranson v. Botelho Shipping Corp. Manila,* 873 F.2d 1204, 1208 (9th Cir. 1989). A shipowner can, ordinarily, rely on the stevedore and the longshoremen to notice open and obvious conditions and to take reasonable steps to avoid them if they present a hazard. *Kirsch v. Plovidba,* 971 F.2d 1026, 1029-30 (3d Cir. 1992)

44.     The defendant does not owe plaintiff the duty to provide a seaworthy vessel; the defendant is liable only if it is proven that it breached one of its duties and such a breach was the proximate cause of the plaintiff's injury. 33 U.S.C. § 905(b); *Howlett v. Birkdale Shipping Co., S.A.,* 512 U.S. 92 (1994); *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156 (1981).

45.     In this regard, the plaintiff cannot establish negligence on the part of the defendant merely by showing that the vessel was improperly constructed or defectively designed, since this would be the equivalent of an unseaworthiness claim, which is barred by LHWCA Section 905(b). *Bilderbeck v. World Wide Shipping Agency,* 776 F.2d 817, 818 (9th Cir. 1985); *Biggs v. Logicon, Inc.,* 663 F.2d 52 (8th Cir. 1981); *Wilhelm v. Associated Container Transportation,* 648 F.2d 1197, 1198 (9th Cir. 1981); *Anastasiou v. M/T WORLD TRUST,* 338 F. Supp. 2d 406, 418 (E.D.N.Y. 2004); *McSwiggan v. Oulu Shipping Ltd.,* 1992 AMC 1825, 1829 (E.D. Pa. 1992); *Htut v. Toko Kaiun Kaisha, Ltd.,* 1992 A.M.C. 766 (N.D. Cal. 1991); *Salvato v. Hakko Maritime Corp.,* 718 F. Supp. 1443, 1444 (N.D. Cal. 1989); *Davis v. United States,* 827 F. Supp. 1576, 1581-82 (S.D. Ga. 1993); *Mitchell v. Sea-Land Services, Inc.,* 1987 AMC 1698, 1987 U.S. Dist. LEXIS 15067 (D. Md. 1987).

46.    The fact that a design feature that was part of the original construction of a vessel may have been obvious to or known by the shipowner or its personnel aboard the vessel cannot establish negligence on the part the defendant shipowner. This is because under the law the shipowner cannot be held responsible for someone else's design of a vessel. *Anastasiou v. M/T WORLD TRUST*, 338 F. Supp. 2d 406, 418 (E.D.N.Y. 2004); *McSwiggan v. Oulu Shipping Ltd.*, 1992 AMC 1825, 1829 (E.D. Pa. 1992); *Htut v. Toko Kaiun Kaisha, Ltd.*, 1992 A.M.C. 766 (N.D. Cal. 1991); *Salvato v. Hakko Maritime Corp.*, 718 F. Supp. 1443, 1444 (N.D. Cal. 1989).

47.    Also, in a claim such as this, a longshoreman cannot establish negligence of a vessel through conjecture or speculation as to the cause of the accident. In this regard, he mere existence of a defect in or the malfunction of a piece of ship's equipment, without proof of negligence on the part of the shipowner, cannot establish the negligence of the shipowner under LHWCA § 905(b). *See e.g., Yates v. Navigation Maritime Bulgare Ltd.*, 2000 U.S. Dist. LEXIS 11229, at *10-*12 (E.D. Pa. 2000); *Wells v. Flota Bananera Equatoriana, S.A.*, 1985 U.S. Dist. LEXIS 18452, at *8 (S.D.N.Y. 1985); *Vadas v. J. Lauritzen Holdings*, 2000 U.S. Dist. LEXIS 20054, at *10, 2001 AMC 498 (D. Conn. 2000); *Wright v. Daviesyndicate, Inc.*, 1993 U.S. Dist. LEXIS 8739 (E.D. Pa. 1993); *McMullen v. Guise Shipping Co.*, 1992 U.S. Dist. LEXIS 6471 (E.D. Pa. 1992), *aff'd* 983 F.2d 1051 (3d Cir. 1992); *Manning v. Mars, Ltd.*, No. 85-1271, 1987 U.S. Dist. LEXIS 1777 (E.D. Pa. 1986) *aff'd* 833 F.2d 305 (3d Cir. 1987); *DeLange v. Dutra Construction, Co.*, 183 F.3d 916, 921 (9th Cir. 1998).

48.    Moreover the mere existence of a defect, deformity or malfunction in a piece of ship's equipment after an alleged accident alone, without proof of negligence by

31

the shipowner, cannot establish liability of the defendant shipowner. *See: Yates v. Navigation Maritime Bulgare Ltd.*, 2000 U.S. Dist. LEXIS 11229, at \*10-\*12 (E.D. Pa. 2000); *Wells v. Flota Bananera Equatoriana, S.A.*, 1985 U.S. Dist. LEXIS 18452, at \*8 (S.D.N.Y. 1985); *Vadas v. J. Lauritzen Holdings*, 2000 U.S. Dist. LEXIS 20054, at \*10, 2001 AMC 498 (D. Conn. 2000); *Wright v. Daviesyndicate, Inc.*, 1993 U.S. Dist. LEXIS 8739 (E.D. Pa. 1993); *McMullen v. Guise Shipping Co.*, 1992 U.S. Dist. LEXIS 6471 (E.D. Pa. 1992), *aff'd* 983 F.2d 1051 (3d Cir. 1992); *Manning v. Mars, Ltd.*, No. 85-1271, 1987 U.S. Dist. LEXIS 1777 (E.D. Pa. 1986) *aff'd* 833 F.2d 305 (3d Cir. 1987); *DeLange v. Dutra Construction, Co.*, 183 F.3d 916, 921 (9th Cir. 1998).

3.     **Active Operations Duty**

49.     The standard of care that a shipowner owes to the plaintiff longshoremen after the plaintiff's employer begins its operations on the vessel is different from the turnover duty.

50.     Once the stevedore's work has begun, the shipowner has no general duty by way of supervision or inspection to exercise reasonable care to discover dangerous conditions that develop within the confines of the cargo operations that are assigned to the stevedore. *Scindia*, 451 U.S. at 172.

51.     This is because the shipowner is ordinarily entitled to rely on the stevedore's expertise, and owes no duty to the longshoreman to supervise or inspect the stevedore's activities. *Scindia*, 451 U.S. at 170.

52.     The "active operations" duty only applies during the actual cargo operations conducted by the stevedore and is limited to situations where the vessel

32

"actively involves itself in the cargo operations and negligently injures a longshoreman or fails to use due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, or from equipment, under the active control of the vessel during the stevedoring operation." *Scindia*, 451 U.S. at 167.

53.    However, the active operations duty only applies where the shipowner actively involves itself or participates in the stevedoring operation in question and in doing so, fails to exercise reasonable care. *Scindia*, 451 U.S. at 167. The duty does not apply if the shipowner's alleged acts or omissions took place before the commencement of the cargo operations in question.

54.    Where the shipowner does not retain substantial control over the actual stevedoring discharge operation that was taking place at the time of the alleged accident, once that discharge operation begins, the active operations duty cannot apply to the plaintiff longshoreman's case. *See Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 97 (1994); *Scindia Steam Navigation Co. v. De Los Santos*, 451 US 156, 167 (1981) *Sinagra v. Atlantic Ocean Shipping, Ltd.*, 182 F. Supp. 2d 294 ,302 (E.D.N.Y. 2001); *see also Treadaway v. Societe Anonyme Louis-Dreyfus,* 894 F.2d 161, 166 (5th Cir. 1990); *Prinski v. Blue Star Line,* 341 F. Supp. 2d 511 (E.D. Pa. 2004); *Mankus v. Swan Reefer I,* 2003 U.S. Dist. LEXIS 10263, at *29-*30 (E.D. Pa. May 20, 2003);. Breaux v. United States, 1996 WL 16318 (E.D. La, Oct. 23, 1996); Wright v. Gulf Coast Dockside, Inc., 1998 U.S. Dist. LEXIS 9519 at *6, 1998 AMC 2460 (E.D. La. 1998); *Quevedo v.Trans-Pacific Shipping, Inc,*. 1997 U.S. Dist. LEXIS 4745 (N.D. Cal. 1997) *aff'd* 143 F.3d 1255 (9th Cir. 1998); *Vadas v. J, Lauritzen Holdings*, 2000 U.S. Dist. LEXIS 200054, at *16-17, 2001 AMC 498 (D. Conn. 2000).*Woodward v. Logistec Ltd.,* 164 F. Supp. 941, 951 (N.D. Ohio 2001); *Yates v. Navigation Maritime Bulgare Ltd.,* 2000 U.S. Dist. LEXIS 11229 (E.D. Pa. 2000).

55.    The active operations duty cannot apply simply because a portion of the structure of the ship was alleged to be involved in the accident. There must be evidence of substantial control by the shipowner over the area where the stevedore and the plaintiff longshoreman were working **at the time of the alleged accident**. *Id.*

*56.*    The active operations duty cannot apply where the conduct by the shipowner complained of by the plaintiff longshoreman occurred before the commencement of cargo operations on the date of the alleged accident. *Id.*

57.    Mere presence of the officers and crew aboard the ship does not alone prove knowledge of an alleged condition nor does it prove negligence by the shipowner. *Quevedo v.Trans-Pacific Shipping, Inc,*. 1997 U.S. Dist. LEXIS 4745  (N.D. Cal. 1997) *aff'd* 143 F.3d 1255 (9th Cir. 1998); *Vadas v. J, Lauritzen Holdings*, 2000 U.S. Dist. LEXIS 200054, at *16-17, 2001 AMC 498 (D. Conn. 2000).*Woodward v. Logistec Ltd.,* 164 F. Supp. 941, 951 (N.D. Ohio 2001); *Yates v. Navigation Maritime Bulgare Ltd.,* 2000 U.S. Dist. LEXIS 11229 (E.D. Pa. 2000).

58.    The defendant shipowner had no general duty to provide the plaintiff longshoreman, John Turner a safe place to work, or to instruct or supervise performance of the work performed by stevedore Delaware River Stevedores. This duty solely belongs to John Turner's employer, Delaware River Stevedores. Scindia, supra, 101 U.S. 1615.

## LEGAL  CAUSATION

59.    Even if you find that the defendant breached the turnover duty or the active operations duty, this does not necessarily mean that the defendant can be held liable.  It is not enough for the plaintiff to prove that the defendant was negligent.  The

34

plaintiff must also prove that the negligence of the defendant was a "legal cause" of the accident.

60.     An injury or damage is legally caused by an act, or failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or causing the injury or damage, or that the injury or damage is either a direct result or reasonably probable consequence of the act or omission. In making such a determination you may not speculate or guess; it must be based on the credible evidence presented.

61.     Therefore, even if you find that the defendant breached the turnover duty or the active operations duty, the defendant is still only liable to the plaintiffs if that breach was a substantial factor in bringing about the accident.

62.     A substantial factor is an actual real factor. It is not a fanciful factor or a factor having no connection or only an insignificant connection with the injuries complained of or with the happening of the accident.

## COMPARATIVE NEGLIGENCE

63.     Negligence is want of due care under all the circumstances. The same definition applies to all parties in this suit. Just as the defendant had a duty to refrain from doing anything in a careless manner or failing to do something that it should do, so the law imposes the same duty upon the plaintiff. John Turner was obligated to use due care for his own safety, and if you find that the accident was caused in whole or in part by his failure to do so then I instruct you that he is guilty of negligence.

64.    If you find that John Turner's accident was caused solely by his own negligence in failing to exercise due care for his own safety, then you must return a verdict for the defendant.

65.    Plaintiff John Turner was negligent if you find that he actually knew of the hazard or if a reasonable longshoreman, defined as a longshoreman who possessed the minimum qualifications ordinarily possessed by a longshoreman, would have anticipated, observed or appreciated the hazard. *Davis*, 16 F.3d at 546.

66.    In addition, in evaluating the existence and/or extent of plaintiff John Turner's negligence, you should consider his experience as a longshoreman, any specialized knowledge or skill he possessed due to his work as a longshoreman on the Wilmington waterfront, his experiences aboard this vessel and other vessels, and the position he held on the date of the alleged accident. *Davis*, 16 F.3d at 545-546.

67.    If you find that John Turner engaged in conduct that amounted to a lack of reasonable care, then you must find that he was guilty of negligence.

68.    Defendant alleges that even if it is found, from a preponderance of the evidence in the case, that there was some negligence on the part of defendant that was a legal cause of any injuries and consequent damages plaintiff John Turner may have sustained, plaintiff John Turner was, nevertheless, guilty of contributory negligence, reducing the amount plaintiff John Turner would otherwise be entitled to recover.

69.    Contributory negligence is the fault on the part of a person injured, which cooperates in some degree with the negligence of another, and so helps to bring about the injury.

70.    Plaintiff John Turner was obligated to use reasonable care for his own safety, and if you find that his accident was caused in whole or in part by his failure to do so, then I instruct you that he is guilty of negligence.

71.    If you find that his accident was caused in party by John Turner's own negligence and in part by the negligence of the defendant, then you will have to determine a percentage that should be charged to each party. That is, you must determine the percentage of their negligence that legally caused the accident and assign a percentage to each. When attributing a percentage of causal negligence you may consider the relative experience and skills of the parties and their ability or position to recognize and avoid the hazard. *Davis*, 16 F.3d at 545-546; *Howlett*, 114 S.Ct. At 2063.

72.    If you find that the defendant breached its duty to plaintiff John Turner, as I have described to you, you must then determine whether the plaintiff was also negligent and whether that negligence contributed to the accident. *Serbin v. Bora Corp.*, 96 F. 3d 66, 75 (3rd Cir. 1996). If you determine that both plaintiff and defendant were negligent and their combined negligence caused the plaintiff's injury, you must assign a percentage of negligence to each party so that when the percentages are added together, the total is 100 %.

## DAMAGES

73.    The purpose of awarding damages in a personal injury case is not to reward the plaintiff or to punish the defendant, but solely to replace the plaintiffs' losses, if any. *Domeracki v. Humble Oil & Refining Co.*, 443 F.2d 1245, 1249-50 (3d Cir. 1971).

74.    An award of damages cannot be based on speculation, for it is only actual damages - what the law calls compensatory damages - that are recoverable. It is the plaintiffs' burden to prove those damages to you by a preponderance of the credible evidence.

75.    Any award which you make for lost wages, pain and suffering, or loss of society, must be based upon evidence which you find to be credible, and may not be speculative.

76.    Any award which you make for past lost earnings must be calculated based on the number of days that you find plaintiff John Turner was, in fact, disabled and prevented from working by the alleged accident on board the M/V LUZON STRAIT, and the amount which you find he would have earned in those days had he not been disabled.

77.    If you find that plaintiff John Turner could have returned to work as a longshoreman, any award which you make for past lost earnings should only be for the number of days you find he was, in fact, disabled from returning to work as a longshoreman by the alleged accident on board the M/V LUZON STRAIT.

78.    Furthermore, plaintiff John Turner had an affirmative duty to mitigate his losses by seeking out or taking advantage of alternative employment opportunities reasonably available to him. If you find that Mr. Turner could have returned to gainful employment in a modified work position, you should reduce any lost earnings by the amount he could have made in the alternative employment.

79.    You have heard that plaintiff John Turner had pre-existing degenerative problems and disabilities, and several prior accidents. The plaintiffs are obligated to separate in your mind by a preponderance of the credible evidence those injuries,

38

illnesses and damages which Mr. Turner sustained as a result of the accident on the M/V
LUZON STRAIT, from those injuries, illnesses and damages which are the result of his
pre-existing degenerative problems, or his prior accidents.

80.    You are not permitted to speculate on the nature and extent of damages,
injuries and illnesses attributable to each of Mr. Turner's accidents and, thus, if the
plaintiffs fail to meet their duty and obligation as has been explained to you, you cannot
award them any money for the alleged permanent injury and diminution in earnings
attributable to the accident aboard the M/V LUZON STRAIT.  In other words, the
plaintiffs must offer sufficient evidence that provides you with a basis for differentiating
between damages caused by the accident in question from prior or subsequent accidents
and injuries for which the defendant is not responsible.  If plaintiffs do not do so, there
can be no award against the defendant for permanent injury, permanent impairment of
earning capacity and/or future pain and suffering. *Albright v. R.J. Reynolds Tobacco Co.*,
350 F. Supp. (W.D. Pa. 1972) aff'd 485 F. 2d 678 (3rd Cir. 1973); *Shupe v. New York
Central RR*, 339 F. 2d 998 (7th Cir. 1965) .

81.    You may not award plaintiff John Turner any recovery for future loss of
earnings and/or future impairment of earning capacity that are speculative or conjectural.
*Linehan v. United States Lines, Inc.*, 449 F. 2d 1207 (3rd Cir. 1977).

82.    If you find that plaintiffs are entitled to an award of damages for loss of
future earnings, there are two particular factors you must consider.  First, you should
consider loss after income taxes; that is, you should determine actual or net income that
plaintiff has lost or will lose, taking into consideration that any past or future earnings
would be subject to federal, local, and state income taxes. The federal taxes not only

include income tax but also F.I.C.A or Social Security taxes. You must award plaintiff only his net earnings after these taxes. The federal or state government will not tax any amount that you award on this basis. Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk-free investment. *Monessen Southwest Railway Co. v. Morgan*, 486 U.S. 330 (1988); *Jones & Laughlin Steel Corp. v. Pfeiffer*, 462 U.S. 523, 103 S. Ct. 2541 (1983); *Madore v. Ingram Tankships*, 732 F.2d 474 (5th Cir. 1984).

83.    If plaintiffs are entitled to any award for future loss of earnings and / or impairment of future earning capacity, you should not consider inflation as a factor in computing those damages. *Jones & Laughlin Steel Corp. v. Pfeiffer*, 462 U.S. 523, 103 S. Ct. 2541 (1983);

84.    If plaintiffs are entitled to any award for past or future loss of earnings and/or impairment of future earning capacity, you should be aware of the fact that plaintiffs would not have to pay taxes with respect to any such award. *Norfolk & Western R.R. Co. v. Liepelt*, 444 U.S. 490 (1980).

85.    With regard to Mr. Turner's claim for medical expense, he is only entitled to recover those medical expenses which were reasonable and necessary for the treatment of those injuries arising out of the alleged accident aboard the M/V LUZON STRAIT.

86.    Plaintiffs are only entitled to recover those medical expenses which the
medical providers accepted as payment in full for treatment, not the amount of medical
expenses billed but not paid.


Plaintiffs John and Nannette Turner

Defendant B.V. Shipping Company
Luzon Strait (Groningen)


/S/ Stephen B. Potter
STEPHEN B. POTTER, ESQUIRE(ID#298)

Potter, Carmine, Leonard, & Aaronsen
840 N. Union Street
Wilmington, DE 19805
(302)658-8940
(302)654-8377


/S/ Stanley B. Gruber
STANLEY B. GRUBER, ESQ
FREEDMAN & LORRY, P.C.
400 Market Street, Suite 900
Philadelphia, PA 19106

/S/ Michael B. McCauley
MICHAEL B. MCCAULEY, ESQ
(ID 2416)
Palmer, Biezup & Henderson, LLP
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895


/s/  RICHARD Q. WHELAN, ESQ.
Palmer, Biezup & Henderson, LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106